UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ALBERT WILLIAM LACY,

      Plaintiff,

v.                                                   CIVIL ACTION NO. 2:23-cv-00621

MARK E. TAYLOR and
TAMMIE ROBERTS and
CLARK D. ADKINS and
KIM CASEY and
RENEE PERSINGER and
ANDREW MILLER and
NICK CASEY and
BETH SUTTER,

      Defendants.

## ORDER

Pending are Defendant Clark D. Adkins' Motion to Dismiss [ECF 9], Defendants Mark E. Taylor and Kim Casey's Motion to Dismiss [ECF 11], and Defendants Nick Casey and Beth Sutter's Motion to Dismiss [ECF 13], all filed August 20, 2024. Also pending are Defendant Andrew Miller's Motion to Dismiss [ECF 15], and Defendants Tammie Roberts and Renee Persinger's Motion to Dismiss [ECF 17], both filed August 22, 2024. Further pending are Plaintiff Albert William Lacy's Motion for Leave to File Second Amended Complaint [ECF 20], Motion to Amend Complaint Pursuant [to] Federal [Rule] of Civil Procedure 15(a) To Clarify Pleading [ECF 21], and Motion to Add Defendant [ECF 22], all filed September 27, 2024. Lastly pending is Mr. Lacy's Private Limited Motion to Substitute Party Pursuant to Federal Rule of Civil Procedure 25(c) [ECF 34], filed October 28, 2024.

I.

Mr. Lacy instituted this action on September 18, 2023, and filed the operative Amended Complaint ("Complaint") on October 5, 2023. [ECF 2, 8]. His action stems from a workers' compensation claim allegedly filed without his consent after he sustained injuries in a slip-and-fall during his employment on February 12, 2021. Mr. Lacy maintains the basis for federal question jurisdiction is 42 U.S.C. § 1983.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on February 14, 2025. [ECF 39]. Magistrate Judge Tinsley recommended that the Court deny all pending motions, dismiss Mr. Lacy's complaint without prejudice pursuant to, *inter alia*, 28 U.S.C. § 1915(e), *Rooker-Feldman*, and/or *Federal Rule of Civil Procedure* 12(h)(3), and remove this matter from the Court's docket. [ECF 39 at 30].

Objections in this case were due on February 27, 2025. Mr. Lacy's objections were filed on February 24, 2025. [ECF 40]. While Mr. Lacy's objections are difficult to construe, it appears he disputes Magistrate Judge Tinsley's finding that dismissal is appropriate for lack of subject-matter jurisdiction. He seemingly asserts this by merely stating (1) "Plaintiff has never spoken to anyone . . . pursuant to his slip and fall accident [on February 12, 2021] . . . nor ha[s] the Plaintiff advised anyone to speak on his behalf," (2) that he "suffered a concrete and particularized injury . . . [that is] redressable by the court," (3) "Magistrate Judge [Tinsley] failed to investigate the factual issues of the case," (4) the Defendants acted under color of state law when they conspired against him by "fil[ing] a fraudulent Workers Compensation Claim in the plaintiff's name," "providing a returned work order," "fir[ing] the plaintiff," "conceal[ing] . . . the plaintiff['s]

2

medical records," and "den[ying] him a hearing before the review board," and (5) that he has provided "enough information to prove his case." [ECF 40].

On February 25, 2025, Defendant Andrew Miller filed a limited objection based on an apparent scrivener's error. [ECF 41]. He asserts while Magistrate Judge Tinsley granted the Defendants' motions to dismiss for lack of subject matter jurisdiction, the PF&R concludes by stating the pending motions are denied. Each Defendant joined in Defendant Miller's limited objection. [ECF 42–45].

## II.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a

3

magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460. Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.

After an exhaustive review, Magistrate Judge Tinsley concluded subject matter jurisdiction was lacking inasmuch as (1) complete diversity was absent, (2) Defendants Casey and Sutter are shielded by absolute judicial immunity, (3) the remaining Defendants were not acting "under color of law" so as to give rise to a § 1983 claim, (4) the crux of Plaintiff's claims pertain to state law, and (4) Plaintiff is essentially attempting to relitigate an unfavorable determination of his workers' compensation claim in violation of *Rooker-Feldman*. [ECF 39 at 16–17, 19–25].

Mr. Lacy's objections are incomprehensible as they simply recite various legal principles relating to his allegations and do not direct the Court to any specific error to Magistrate Judge Tinsley's PF&R. Therefore, Magistrate Judge Tinsley's analysis is not impaired. In addition, the limited objection filed by the Defendants point to a scrivener's error within the PF&R. They claim that although the PF&R granted the Defendants' motions to dismiss for lack of subject matter jurisdiction, the PF&R concludes by stating the pending motions are denied. The Defendants are correct.

## IV.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 39**], **DISMISSES** the Complaint **WITHOUT PREJUDICE** [**Doc. 2**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:    March 21, 2025

Frank W. Volk
Chief United States District Judge

5